IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ND ACQUISITIONS CORP.         )
                              )
v.                            ) NO. 3-15-0796
                              ) JUDGE CAMPBELL
BEL PRE LEASING CO, LLC,      )
et al.                        )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 9). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

This action arises from a contractual relationship between Plaintiff, a company engaged in the business of providing approved drugs, intravenous products, and pharmaceutical supplies to healthcare facilities,[1] and Defendants, long term care facilities whose headquarters are in Ohio.

Plaintiff alleges that it entered into separate Pharmacy Services Provider Agreements ("the Agreements") with each Defendant, whereby Plaintiff provided drugs, intravenous products and pharmaceutical supplies to Defendants. Defendants called, faxed or entered online their medication orders to Plaintiff in Nashville. Upon review and approval by Plaintiff's pharmacy technicians and pharmacists, Plaintiff's employees would fill the prescriptions in its Nashville facility, package the products in Nashville, and ship them from Nashville to Defendants' various locations.

For these services, Plaintiff billed Defendants on a monthly basis from its Nashville headquarters to Defendants' various locations. Defendants remitted payment to Plaintiff in

---

[1] Plaintiff also provides pharmacy consulting and other related services.

Nashville. Plaintiff estimates that it filled approximately 1,869,584 orders for Defendants, orders which Defendants sent to Nashville and which were filled by Plaintiff and sent from Nashville.

Plaintiff claims that Defendants breached the Agreements by failing to pay Plaintiff more than $1,079,684.53 for products and services provided by Plaintiff from its Nashville headquarters. Plaintiff avers that Defendants' breach has caused severe harm to Plaintiff, a Tennessee-based company, and its employees, Tennessee residents. Plaintiff has sued Defendants for breach of contract, violations of the Uniform Commercial Code, and *quantum meruit*.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PERSONAL JURISDICTION

The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction. *Beydoun v. Wataniya Restaurants Holding,* 768 F.3d 499, 504 (6th Cir.

2014). When, as here, the Court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Id.* To defeat such a motion to dismiss, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.;see also Vireo Systems, Inc. v. HTG Ventures, LLC*, 2015 WL 1893461 at * 5 (M.D. Tenn. April 27, 2015). The burden on the plaintiff is "relatively slight," and the Court should not weigh the controverting assertions of the party seeking dismissal. *Air Products and Controls, Inc. v. Safetech Int'l., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

Personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Tennessee's long-arm statute has been interpreted to be coterminous with the limits of personal jurisdiction imposed by the Due Process Clause, and the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005).

When determining whether a district court's exercise of personal jurisdiction would offend due process, the relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *Beydoun*, 768 F.3d at 505. The Sixth Circuit has articulated a three-part test to guide this determination. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must

3

have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*

Purposeful availment is present where the defendant's contacts with the forum state proximately result from actions by the defendant itself that create a substantial connection with the forum state and where the defendant's conduct and connection are such that it should reasonably anticipate being haled into court in the forum state. *Beydoun*, 768 F.3d at 505-06. The emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state. *Id*. at 506.[2]

With respect to interstate contractual obligations, the Supreme Court has emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities. *Burger King Corp. v. Rudzeqicz*, 105 S.Ct. 21174, 2182 (1985); *Vireo Systems,* 2015 WL 1893461 at * 6. Where a defendant has created continuing obligations between itself and the residents of another forum, it manifestly has availed itself of the privilege of conducting business there. *Air Products and Controls*, 503 F.3d at 551.

Although entering into a contract with an out-of-state party *alone* does not automatically establish sufficient minimum contacts, the presence of certain factors in addition to the contract will be found to constitute purposeful availment. *Air Products and Controls*, 503 F.3d at 551. One such factor is the parties' actual course of dealing. *Id*.

---

[2] Purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of the effects resulting in the forum state, something more than a passive availment of the forum state's opportunities. *Bridgeport Music, Inc. v. Still N the Water Publishing*, 327 F.3d 472, 478 (6th Cir. 2003).

4

Here, the parties' course of dealing included actions pursuant to their Agreements since November 18, 2010. Thousands of orders, thousands of products, thousand of invoices, and thousands of payments were sent and received between Defendants and Plaintiff's Nashville facility. As indicated above, when Defendants sent orders, they sent them to Tennessee. When Defendants' orders were approved and filled, the products were distributed from Tennessee to Defendants' various locations. Bills were sent from Tennessee to the Defendants, and payments were sent by Defendants to Tennessee. The harm alleged in this lawsuit occurred in Tennessee, based upon Defendants' alleged failure to pay their bills. Plaintiff's records concerning those invoices and payments are in Tennessee.

In other words, Defendants had a business relationship with Plaintiff lasting almost five years in which they purchased products cumulatively worth hundreds of thousands of dollars from Plaintiff's Tennessee facility. Defendants sent correspondence in the form of orders to Tennessee. Defendants made payments to Tennessee. These contacts with Tennessee were made in furtherance of the business relationship between the parties. Defendants purposefully chose not only to engage in substantial contractual relationships with a Tennessee business, but they also chose to continue those relationships over a number of years.

Moreover, this dispute arises out of Defendants' business relationships with Plaintiff, a business in Tennessee. Plaintiff's causes of action are based exclusively on Defendants' alleged breaches of their contracts with Plaintiff. Tennessee has a substantial interest in seeing that its residents get the benefit of their bargains.

Given the fairly lenient standard applied to this inquiry, the Court finds that Plaintiff has satisfied the elements for its *prima facie* showing of personal jurisdiction over the Defendants.[3] Therefore, Defendants' Motion to Dismiss is denied.

VENUE

The Court also declines to find that venue is improper in this case. Under federal law, venue is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the State in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendants is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

For the reasons set forth above, the Court finds that a substantial part of the events or omissions giving rise to Plaintiff's breach of contract claims occurred in this district. Venue is proper in this Court.

Defendants alternatively ask the Court to transfer this case to Ohio pursuant to 28 U.S.C. 1404(a), which provides:"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Ordinarily, the burden of proving that transfer is warranted is on the moving party and the burden is a substantial one. *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 958 (M.D. Tenn. 2008). As the permissible language of the transfer statute suggests, district courts have broad discretion to

---

[3] The part of the Agreements providing that they are to be construed in accordance with Ohio law is not a forum-selection clause and does not change this jurisdictional analysis.

determine when party convenience or the interest of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In reviewing a motion to transfer, the court is to balance all relevant factors, including the private interests[4] of the parties and public-interest concerns,[5] such as systemic integrity and fairness, which comes under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). And, the Court should keep in mind that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Smith*, 578 F.Supp.2d at 962.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F.Supp.2d at 963. Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

In this case, transferring the action to Ohio is not warranted. Although the headquarters of Defendants' parent company are in Ohio, Plaintiff asserts that all the Defendant facilities are in Maryland and Missouri. The relevant shiping and billing records at issue are in Tennessee. Transferring the case to Ohio would merely serve to transfer the inconvenience from Defendants to Plaintiff. Therefore, Defendants' alternative Motion to Transfer is also denied.

---

[4] "Private interests" include convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively. *Smith*, 578 F.Supp.2d at 962.

[5] "Public interests" include enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp.2d at 962.

CONCLUSION

For these reasons, Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 9) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE